IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2131-D

| | | |
|---|---|---|
| LIONELL ELIZAH WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| D. R. STEPHENS, | ) | |
| | ) | |
| Respondent. | ) | |

Lionell Elizah Williams ("Williams" or petitioner), a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On August 12, 2010, the court reviewed Williams's petition and allowed the action to proceed [D.E. 2]. On September 23, 2010, respondent filed a motion to dismiss or for summary judgment [D.E. 6]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Williams about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 8]. On October 28, 2010, Williams filed a motion for appointment of counsel [D.E. 11]. On December 28, 2010, having obtained extensions of time from the court, Williams filed a response in opposition to the motion for summary judgment [D.E. 16]. On February 24, 2011, Williams filed a motion to stay judicial review in order to allow him to file an amended response in opposition to the motion for summary judgment [D.E. 17]. On April 11, 2011, Williams filed a motion to amend his response in opposition to the motion for summary judgment [D.E. 18], along with a proposed amended

response and exhibits [D.E. 19]. The court grants the motion to amend, and denies as moot the motion to stay judicial review.[1] As explained below, the petition is remanded to permit the Bureau of Prisons ("BOP") to consider petitioner's nunc pro tunc designation request.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

In "August . . . 1990, Williams was arrested by city police in the City of Virginia Beach, Virginia for a string of robberies committed in that city over a two week time span." Mem. Opp'n Mot. Summ. J. 2 & Ex. F (state court plea agreement); see also Mem. Supp. Mot. Summ. J. 2. The

---

[1] Accordingly, citations herein are to Williams's amended response [D.E. 19].

Commonwealth of Virginia charged Williams with four counts of robbery and two counts of use of a firearm in commission of a felony ("the state charges"). Mem. Opp'n Mot. Summ. J., Ex. F. In November 1990, in the Eastern District of Virginia, the U.S. Attorney charged Williams with conspiracy to commit robbery in violation of 18 U.S.C. § 371, armed robbery in violation of 18 U.S.C. § 2113(d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924© ("the federal charges"), all arising out of the same course of conduct as the state charges. Pet. ¶ 3; Mem. Supp. Mot. Summ. J. 2; Mem. Opp'n Mot. Summ. J. 2.

On August 14, 1991, Williams pleaded guilty to the state charges and was sentenced to a total term of imprisonment of 38 years, with a total of 12 years suspended. Mem. Supp. Mot. Summ. J. 2; Mem. Opp'n Mot. Summ. J., Ex. F. According to Williams, pursuant to his plea agreement in connection with the state charges, "the state prosecutor promised that in the event Williams was convicted of the pending robbery charges in federal court those convictions would not count against him for the purposes of parole eligibility" on his state sentence. Mem. Opp'n Mot. Summ. J. 2; see also id. Ex. F ¶ 3 ("The Commonwealth promises that it will not seek to amend the conviction order ... in the event the defendant is subsequently convicted in U. S. District Court on pending robbery charges.").

On December 12, 1991, in the Eastern District of Virginia, after pleading guilty to the federal charges, Senior United States District Judge John A. MacKenzie sentenced Williams to a total term of imprisonment of 216 months. See Pet. ¶ 4; Mem. Supp. Mot. Summ. J. 2 & Attach. 3 (federal criminal judgment); Mem. Opp'n Mot. Summ. J. 2 & Ex. B at 12 (transcript of sentencing hearing). The federal criminal judgment did not state whether Williams's federal sentence was consecutive to or concurrent with Williams's state sentence. Mem. Supp. Mot. Summ. J. 2–3 & Attach. 3; Mem. Opp'n Mot. Summ. J. 2–3. Williams did not appeal, and did not file any other post-conviction

3

motions before filing this petition.[2] Pet. ¶¶ 7, 11.

On April 12, 2004, the Virginia Parole Board informed Williams that it had granted him parole. Mem. Opp'n Mot. Summ. J., Ex. D (Apr. 12, 2004 letter from Virginia Parole Board). However, on April 29, 2004, the Virginia Parole Board informed Williams that he was not eligible for parole "[a]s a result of an additional sentence(s) and recomputation of your total sentence." Id., Ex. E at 1 (Apr. 29, 2004 letter from Virginia Parole Board). Thus, Williams learned that his state and federal sentences were not running concurrently, and applied to the BOP for a nunc pro tunc designation of his federal sentence to commence with his state sentence, pursuant to 18 U.S.C. § 3621(b). Mem. Opp'n Mot. Summ. J. 3. On June 3, 2004, the BOP Mid-Atlantic Regional Director denied Williams's request on the ground that, pursuant to 18 U.S.C. § 3584(a),[3] the federal court's silence as to the commencement of Williams's sentence indicated a "clear intent for a consecutive federal sentence," precluding BOP from considering the request. Mem. Opp'n Mot. Summ. J., Ex. A (June 3, 2004 letter from BOP to Williams). Williams appealed to BOP's Central Office, which

---

[2] On April 22 and 27, 2011, after filing this petition, Williams filed motions in his criminal case for retroactive application of the crack cocaine sentencing guidelines pursuant to 18 U.S.C. § 3582 and to correct the criminal judgment pursuant to Federal Rule of Criminal Procedure 36. See United States v. Williams, 2:90-CR-149-JAM-2, [D.E. 14–15] (E.D. Va.).

[3] 18 U.S.C. § 3584(a) states:

If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a) states

4

determined that Williams was not appropriate for nunc pro tunc consideration as he was "already subject to an undischarged term of imprisonment at the time the federal sentence was imposed." Pet., App'x C (Sept. 16, 2008 BOP Central Office administrative remedy response); see also Mem. Opp'n Mot. Summ. J. 4. Williams asserts that the BOP's refusal to apply the factors set forth in 18 U.S.C. § 3621(b) and consider his request for nunc pro tunc designation is an abuse of discretion, and seeks an order requiring the BOP to consider Williams's nunc pro tunc request. Mem. Supp. Pet. 1, 16.

Initially, the court addresses Williams's motion for appointment of counsel. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Williams's abilities do not present exceptional circumstances. Accordingly, the court denies Williams's motion to appoint counsel.

Next, the court addresses Williams's nun pro tunc request.

> The BOP is invested with discretion to designate a prisoner to "any available penal or correctional facility that meets minimum standards of health and habitability . . . whether maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). The phrase "or otherwise" refers to the BOP's authority to designate federal prisoners to state prisons. See United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998).

Jefferson v. Berkebile, 688 F. Supp. 2d 474, 486 (S.D. W. Va. 2010); see also Trowell v. Beeler, 135 F. App'x 590, 593 (4th Cir. 2005) (per curiam) (unpublished) ("Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement [, including a state prison].").

Because Williams's federal judgment is silent as to whether his federal sentence is to run consecutive to or concurrent with his state sentence, there is a "presumption" pursuant to 18 U.S.C.

5

§ 3584(a) that the sentences are to run consecutively. United States v. Smith, 472 F.3d 222, 226 (4th Cir. 2006); see also McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998) ("Where § 3584 applies, of course, the Bureau must follow the presumptions set out therein."). Respondent contends that when "the federal sentence is deemed to run consecutive to the previously imposed sentence" pursuant to section 3584, "the BOP lacks the authority to grant a nunc pro tunc designation." Mem. Supp. Mot. Summ. J. 3–9. Respondent relies on a case from the United States Court of Appeals for the Second Circuit. Mem. Supp. Mot. Summ. J. 10 (citing Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 74 (2d Cir. 2005)); see also McCarthy, 146 F.3d at 123. However, in Abdul-Malik, the petitioner "was in [state] custody awaiting trial on various state criminal charges when . . . he was indicted on unrelated federal charges." Abdul-Malik, 403 F.3d at 74. Abdul-Malik had not yet been convicted of the state criminal charges when the federal court pronounced sentence, and the federal court "did not say whether the federal sentence was to be served concurrently or consecutively with any future state sentences." Id. The Second Circuit noted that "where the federal court imposes sentence *before* the state court, the BOP has the effective authority to determine how the sentences should run." Id. In Jennings v. Schult, the Second Circuit considered facts similar to the facts in Williams's case. 377 F. App'x 97 (2d Cir. 2010) (per curiam) (unpublished). The Second Circuit concluded that when a defendant "was subject to an undischarged state term of imprisonment at the time the federal court resentenced him, and because the federal court did not direct that its sentence should run concurrently, the statute require[s] that the sentence run consecutively, and the Bureau of Prisons [is] without authority to direct otherwise." Id. at 98 (citing 18 U.S.C. § 3584(a); Abdul-Malik, 403 F.3d at 74)).

In asserting that the BOP is precluded from considering Williams's request for nunc pro tunc designation, respondent relies on a line of cases which are distinguishable on their facts, not binding

6

on this court, and of questionable precedential value. Cf. Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 339 (4th Cir. 2009); United States v. Pasquantino, 336 F.3d 321, 329 (4th Cir. 2003) (en banc); Va. Soc'y for Human Life, Inc. v. FEC, 263 F.3d 379, 393 (4th Cir. 2001).[4] Moreover, respondent's reliance on BOP Program Statement 5160.05, which states that BOP "will not consider a retroactive designation" where section 3584(a) applies, is unavailing. Mem. Supp. Mot. Summ. J. 4. BOP program statements which purport to interpret a governing statute "'lack[] the force of law' and [are] not entitled to . . . deference." Trowell, 135 F. App'x at 595 (quoting and citing Christensen v. Harris County, 529 U.S. 576, 587 (2000)). Thus, the court concludes that "the BOP has the authority to make a nunc pro tunc designation decision notwithstanding that the decision effectively makes a prisoner's sentence concurrent or consecutive." Jefferson, 688 F. Supp. 2d at 487 (citing Trowell, 135 F. App'x at 595); see also Evans, 159 F.3d at 911–12 ("when a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the [BOP] agrees to designate the state facility for service of the federal sentence" under 18 U.S.C. § 3621(b)). When a federal judgment is silent as to whether a federal sentence is to run consecutive to or concurrent with a previously pronounced state sentence, there is simply a "presumption" pursuant to 18 U.S.C. § 3584(a) that the sentences are to run consecutively. Smith, 472 F.3d at 226. Therefore, "BOP must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court." Trowell, 135 F. App'x at 595.

---

[4] At least one district court in this circuit has adopted the Second Circuit's holding in McCarthy. See Propst v. Owens, Civil Action No. 3:09-3237-HFF-JRM, 2010 WL 4929188, at *2 (D.S.C. Nov. 4, 2010) (unpublished).

7

As for the remedy, the court remands this matter to respondent for consideration of petitioner's request for nunc pro tunc designation in accordance with 18 U.S.C. § 3621(b) and this opinion. See Trowell, 135 F. App'x at 596; McCarthy, 146 F.3d at 123; Barden v. Keohane, 921 F.2d 476, 483–84 (3d Cir. 1990). BOP is not required to "consider each factor listed in § 3621, but rather only . . . each factor that is relevant to its decision in ruling on [petitioner's] nunc pro tunc designation request." Trowell, 135 F. App'x at 596 n.4. Additionally, BOP is not required to "give each relevant factor equal weight." Id. If petitioner is aggrieved by the BOP's decision on his nunc pro tunc designation request, he may exhaust administrative remedies and file another section 2241 petition. See, e.g., Trowell v. Beeler, 5:03-HC-93-BO, [D.E. 25] at 1–2 (E.D.N.C. July 11, 2006) (unpublished) ("If the petitioner wishes to seek subsequent relief from the outcome of the BOP's holding and administrative appeal process, the dismissal of this action shall not preclude him from doing so at the appropriate time through the appropriate avenue."). BOP's "decision is entitled to a presumption of regularity and will not be disturbed in the absence of clear evidence of error or abuse of discretion." Jefferson, 688 F. Supp. 2d at 496 (citing Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 174 (2004)); see also Abdul-Malik, 403 F.3d at 76.

II.

For the reasons stated, the court DENIES respondent's motion to dismiss or for summary judgment [D.E. 6]. The court DENIES petitioner's motion for appointment of counsel [D.E. 11], DENIES AS MOOT petitioner's motion to stay judicial review [D.E. 17], and GRANTS petitioner's motion to amend [D.E. 18]. The court GRANTS summary judgment to petitioner on his application for habeas corpus relief [D.E. 1]. Respondent is DIRECTED to reconsider petitioner's request for nunc pro tunc designation pursuant to 18 U.S.C. § 3621(b) and this opinion.

SO ORDERED. This __7__ day of June 2011.

                                                               JAMES C. DEVER III
                                                               United States District Judge

9

Case 5:09-hc-02131-D   Document 20   Filed 06/07/11   Page 9 of 9